WESTERN WHEEL SCRAPER COMPANY, Respondent,
v. KOLKMEYER BROTHERS, Appellants.

Kansas City Court of Appeals, January 6, 1902.

1. **Appellate Practice:** ABSTRACT: BILL OF EXCEPTIONS. The abstract must show that a bill of exceptions was preserved and filed and this should appear in the original abstract and not in an amended one, and the loss of the bill will not excuse the failure of the original since the filing of the bill must be shown by a record entry.

2. ———: SUPPLYING RECORD: RULE. Permission to supply a part of the record should be asked for before the cause is called for argument at which time it can only be supplied by consent of the other party.

Appeal from Cole Circuit Court.—*Hon. Jas. E. Hazell,*
Judge.

AFFIRMED.

*Pope & Belch* for appellants.

Filed brief on merits.

*Edwards & Edwards* for respondent.

It is too well settled in this State that nothing but the pleadings and judgment form the record proper, and that motions, exceptions, instructions and evidence, can only become a part of the record by duly authenticated bill of exceptions, to require citation of authorities to support this proposition. Halstead v. Stone, 147 Mo. 649; Walser v. Wear, 128 Mo. 652.

ELLISON, J.—Plaintiff sued defendant on a promissory note, and the trial resulted in defendant's favor. A motion for new trial and in arrest of judgment were afterwards filed and overruled, and plaintiff took leave to thereafter file a bill of exceptions. But before filing such bill of exceptions the plaintiff moved the court to set aside its orders overruling the motion for new trial and in arrest and all other orders in relation thereto. The court sustained the motion and plaintiff thereupon took a voluntary nonsuit. Afterwards, on the same day, the defendants filed their motion asking the court to set aside the order sustaining plaintiff's motion to set aside the order overruling its motion for new trial and in arrest and the order permitting plaintiff to take a nonsuit. This latter motion was overruled, and thereupon defendant's took their appeal to this court.

The abstract presented by defendants under the statute and rules of court did not show that a bill of exceptions was preserved and filed of record, so as to thereby become a part of the record. Plaintiff made objection thereto before the beginning of the term at which the cause was docketed for hearing. When the cause was called for argument, defendants stated that they would file an additional or amended abstract. They have done so, but it discloses no good reason why the abstract should not have been perfect in the first instance. The reason assigned is that the bill of exceptions was lost or misplaced and was not found until several weeks after the cause was called for hearing in this court. But all that defendants present in their amended abstract is the same that was presented in the original abstract, save that in the amended one the record entry ordering the filing of the bill of exceptions is supplied. The loss of the bill of exceptions could be of no consequence as to a *record* entry. The finding of the bill of exceptions has not added anything whatever which tends to cure the original defect.

In addition to this, defendants should not have permitted the case to be called for argument before asking to supply any part of the record. By provision of rule 5, this can not be done except by consent of the other party. The plaintiff insists on the point made and we must therefore sustain it.

We have, therefore, nothing before us save that part of the record proper which defendants have presented in an abstract. It does not affirmatively disclose any error, and the judgment will therefore be affirmed. All concur.